RECORD NO. 14-1118

In The
# United States Court of Appeals
For The Fourth Circuit

**BRIAN C. BAKER,**

*Plaintiff – Appellant,*

v.

**BANK OF AMERICA, N. A., successor in interest to Countrywide Bank FSB; US BANK NATIONAL ASSOCIATION, as trustee for the benefit of the LXS 2007-16N trust fund; SPECIALIZED LOAN SERVICING LLC,**

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

**SUPPLEMENTAL BRIEF OF APPELLANT**

James C. White
Michelle M. Walker
LAW OFFICE OF JAMES C. WHITE, P.C.
Post Office Box 16103
Chapel Hill, North Carolina  27516
(919) 246-4676

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# I. TABLE OF CONTENTS

**Page**

II. TABLE OF AUTHORITIES ................................................................................ ii

III ARGUMENT ........................................................................................................1

IV. CONCLUSION .....................................................................................................3

V. CERTIFICATE OF FILING AND SERVICE

## II.     TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Gilbert v. Residential Funding, LLC*,
 678 F.3d 271 (4th Cir. 2012) ...................................................................1, 2

*Jesinoski v. Countrywide Home Loans, Inc.*,
 574 U.S. __, 135 S. Ct. 790 (2015) .......................................................1, 2, 3

### III.    ARGUMENT

It is undisputed that Plaintiff/Appellant Brian Baker exercised his unconditional right to rescind his home loan under the Truth-in-Lending Act ("TILA") by sending written notice within three days after closing. (JA at 28-30). The questionable argument that Defendants/Appellees advanced in their principal brief was that the statute does not mean what it says, and that even though Mr. Baker's right to rescind was unconditional, this Court must read an additional obligation to file suit within three years (which is not contained in the language of the statute) into TILA. To the extent that there was once any merit to this argument, the U.S. Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. __, 135 S. Ct. 790 (2015) makes absolutely clear that this tenuous argument is baseless.

*Jesinoski* ratified this Court's holding in *Gilbert v. Residential Funding, LLC*, 678 F.3d 271 (4th Cir. 2012). Justice Scalia's crystal-clear language shows that this Court need only apply the logic of *Gilbert* to reach the necessary conclusion that Plaintiff Brian Baker timely rescinded his loan and therefore can file suit to enforce the rescission outside of the three-year rescission deadline. *Jesinoski* holds that all a borrower needs to do to timely exercise his or her right to rescind certain loans under TILA (i.e., home loans like Mr. Baker's) is provide written notice to the lender. A borrower does not have to also file a lawsuit within

1

the three-year statutory deadline for rescission. *Jesinoski*, 574 U.S. at __, 135 S. Ct. at 792. Justice Scalia explained why this is so:

> [15 U.S.C.] Section 1635(a) explains in unequivocal terms how the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so*" (emphasis added). The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.

*Id.* (emphasis added).

Under *Gilbert* and *Jesinoski*, one cannot in good faith argue that Mr. Baker failed to timely rescind the loan at issue well within the three year period provided by TILA—"the statute does not also require him to sue within three years." *Id.* The Supreme Court's decision in *Jesinoski* cements Mr. Baker's previous arguments that rescission was effected upon his written notice and his lawsuit to enforce the rescission was timely.

It is not possible to distinguish *Jesinoski* from this case in a way that benefits the Defendants. This case does differ from *Gilbert* and *Jesinoski*—unlike those plaintiffs, who had exercised a conditional right to rescind within three years of the loan transaction, Mr. Baker exercised his absolute right to rescind within three days. It is even clearer in Mr. Baker's case that his rescission and subsequent

2

enforcement suit are timely. In *Jesinoski*, the Court made explicit that its logic applied to all types of rescissions under TILA. As applied to the facts of this case, the Court specifically acknowledged and Countrywide (predecessor to one of the Appellees in this case) "conced[ed] that written notice suffices to rescind a loan within the first three days after the transaction is consummated," during which TILA's "regime grants borrowers an unconditional right to rescind." *Id.* (emphasis added).

## IV.   CONCLUSION

Accordingly, in light of the U.S. Supreme Court's decision in *Jesinoski* this Court should reverse the District Court's decision dismissing Mr. Baker's claims.

Respectfully submitted this 11th day of March 2015.

<div style="margin-left: 50%;">

LAW OFFICE OF JAMES C. WHITE, P.C.

/s/ Michelle M. Walker
James C. White, N.C. Bar No. 31859
Michelle M. Walker, N.C. Bar No. 41664
P.O. Box 16103
Chapel Hill, NC 27516
(919) 246-4676
(919) 246-9113 fax
mwalker@jcwhitelaw.com
*Attorneys for Appellant*

</div>

## V.    CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 11th day of March, 2015, I caused this Supplemental Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Matthew A. Fitzgerald
Seth A. Schaeffer
MCGUIRE WOODS, LLP
1 James Center
901 East Cary Street
Richmond, Virginia  23219
(804) 775-4716

*Counsel for Appellees*

I further certify that on this 11th day of March, 2015, I caused the required copies of the Supplemental Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ Michelle M. Walker
*Counsel for Appellant*