No. 14-1118

In the

# United States Court of Appeals
## For the Fourth Circuit

_____

BRIAN C. BAKER, *Plaintiff-Appellant,*

v.

BANK OF AMERICA, N.A., successor in interest to Countrywide Bank FSB; U.S. BANK NATIONAL ASSOCIATION, as trustee for the benefit of the LXS 2007-16N trust fund; SPECIALIZED LOAN SERVICING LLC, *Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

_____

**SUPPLEMENTAL BRIEF OF APPELLEES**

_____

Seth A. Schaeffer
Matthew A. Fitzgerald
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:  (804) 775-4716
Facsimile: (804) 698-2251

March 11, 2015

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ................................................................................................. 1

    1.  In *Jesinoski*, the Supreme Court agreed with existing Fourth
        Circuit precedent................................................................................. 1

    2.  The district court correctly ruled that the *Gilbert-Jesinoski* rule
        does not resolve the issue presented here ....................................... 3

CERTIFICATE OF COMPLIANCE ................................................................... 8

CERTIFICATE OF SERVICE .......................................................................... 8

i

# TABLE OF AUTHORITIES

### CASES

*Gilbert v. Residential Funding LLC*,
678 F.3d 271 (4th Cir. 2012) .................................................................*passim*

*Jesinoski v. Countrywide Home Loans, Inc.*,
135 S. Ct. 790 (2015)............................................................................*passim*

*Kieran v. Home Capital, Inc.*,
720 F.3d 721 (8th Cir. 2013) ................................................................ 1–2

*McOmie-Gray v. Bank of Am. Home Loans,*
667 F.3d 1325 (9th Cir. 2012) ..................................................................... 1

*Rosenfield v. HSBC Bank, USA,*
681 F.3d 1172 (10th Cir. 2012) ................................................................... 1

### STATUTES

15 U.S.C. § 1635 ....................................................................................*passim*

15 U.S.C. § 1640(e) ................................................................................... 5, 7

N.C. Gen. Stat. § 1-52(2) ............................................................................... 7

### OTHER AUTHORITIES

Brief of Petitioners, *Jesinoski v. Countrywide Home Loans,* No. 13-684 (U.S. Supreme Court), 2014 WL 3539339 (July 15, 2014) .............................................. 5

Brief of United States, *Jesinoski v. Countrywide Home Loans,* No. 13-684 (U.S. Supreme Court), 2014 WL 3611512 (July 22, 2014).................................... 5

## ARGUMENT

**1.    In *Jesinoski*, the Supreme Court agreed with existing Fourth Circuit precedent.**

In *Gilbert v. Residential Funding LLC*, the Fourth Circuit weighed in on "a split of authority" under the Truth in Lending Act (TILA). 678 F.3d 271, 276 (4th Cir. 2012). The issue was "whether the borrower must file a lawsuit within three years after the consummation of a loan transaction to exercise her right to rescind, or whether the borrower need only assert the right to rescind through a written notice within the three-year period." *Id.* This Court held that three years from the loan transaction under 15 U.S.C. § 1635(f) marks the outer boundary for the borrower's act of sending notice to the lender—not for the later filing of a lawsuit to enforce that right. *Id.* at 277. Applying that holding, the borrower's rescission claim was timely because he sent a notice of rescission two years and eleven months after the loan transaction, even though his lawsuit came several months later, beyond the three-year mark.

Other courts of appeals disagreed. They held that a borrower must not only send a notice of rescission, but also file suit, within three years after the loan transaction. *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325 (9th Cir. 2012); *Rosenfield v. HSBC Bank, USA,* 681 F.3d 1172 (10th Cir. 2012); *Kieran v. Home Capital, Inc.*, 720 F.3d 721, 728 (8th Cir. 2013) (holding that "a plaintiff seeking rescission must file suit, as opposed to merely giving the bank notice,

within three years in order to preserve that right pursuant to § 1635(f)"). These courts expressly recognized their disagreement with the Fourth Circuit. *E.g.,* *Kieran*, 720 F.3d at 726-27 ("Our sister circuits are split on this issue.").

In the wake of this circuit split, the Supreme Court granted certiorari on the same issue decided in, and on facts very similar to those in, *Gilbert*. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). In *Jesinoski*, the borrowers sent a rescission notice exactly three years after the loan transaction, and filed suit exactly one year and one day after that. *Id.* at 791. The Court identified the question presented as "whether a borrower exercises this right [to rescind] by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses." *Id.*

The *Jesinoski* Court agreed with *Gilbert*'s side of the circuit split. The Court reasoned that because 15 U.S.C. § 1635(a) described the exercise of the borrower's right to rescind as occurring through the sending of the notice, the time-limit provision in § 1635(f) addressed the necessary time for that same act: sending the notice. *Id.* at 792. In other words, the Court held that TILA requires only written notice within the three years, not a lawsuit within that time. *Id.* So, under facts parallel to those in *Gilbert* (notice within three years, followed by a lawsuit shortly thereafter but outside the three-year period in § 1635(f)), the borrowers had timely exercised their right to rescission.

2

*Jesinoski* therefore endorsed the law of this Circuit. The law applicable in this case today is no different than it was in January 2014, when the district court issued its decision below.[1]

## 2.    The district court correctly ruled that the *Gilbert-Jesinoski* rule does not resolve the issue presented here.

*Gilbert* and *Jesinoski* held that the three years from loan transaction under § 1635(f) is the outermost time limit for exercising the right of rescission by sending notice to the lender. Neither decision addressed the question of when, if a lender does not agree or do its part to unwind the transaction, the borrower must file a lawsuit to enforce that right. As the district court aptly held, "[t]he *Gilbert* court did not address the issues presented by this case: whether a borrower must file a lawsuit to complete rescission when the lender fails to respond to the notification of rescission, and if so, what statute of limitations applies to filing the lawsuit." JA59. The district court was correct.

In *Gilbert*, this Court separated the issues here from those it addressed in that case. The Court stated that "[w]e must not conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the rescission has, in fact, been completed and the contract voided." 678 F.3d at 277. The *Gilbert* Court added that unless the lender acknowledges the rescission and the

---

[1] This Court presumably held this case to await the *Jesinoski* decision because, had *Jesinoski* come out the other way, *Gilbert* would have been overturned and the lawsuit in this case would be untimely as a matter of law.

parties unwind the transaction, "the borrower must file a lawsuit so that the court may enforce the right to rescind." *Id.* *Gilbert* left unaddressed, however, the time period for filing such a lawsuit.

Similarly, *Jesinoski* did not decide the statute of limitations for a borrower to file a lawsuit after his lender fails or refuses to unwind their transaction. The only question addressed by the Court was whether § 1635 provides its own limitation period by requiring borrowers to file such a lawsuit within three years of the loan transaction. 15 U.S.C. § 1635(f). The Court held that it does not. Instead, "[t]he clear import of § 1635(a) is that a borrower need only provide written notice to the lender in order to exercise his right to rescind." 135 S. Ct. at 793.

Although the Court used the term "rescission" to describe the statutory trigger for the right to unwind a transaction, *id.*, it did not hold that the actual process of unwinding a loan is automatic and complete upon notice to the lender. *See id.* at 793 (referring to § 1635(b) as "alter[ing] the traditional process for unwinding such a unilaterally rescinded transaction"). That is, TILA grants borrowers a right to unwind certain loans. TILA explains how that right is exercised in § 1635(a), sets a three-year time limit for exercising that right in § 1635(f), and explains how the unwinding process occurs in § 1635(b). But *Jesinoski* left unaddressed the issue presented here—the statute of limitations applicable to such a follow-up lawsuit.

4

As for that statute of limitations question, the parties in *Jesinoski* did address

the issue, and in ways favorable to the lender here.  The borrowers in *Jesinoski*

reassured the Supreme Court that they were not seeking an unlimited period of

time in which to file suit.

In their brief, the borrowers urged that, although the Court need not reach

the issue, their lawsuit was timely counting from the date of the lender's refusal to

proceed with unwinding the transaction.  Brief for Petitioners at 39, 43-46, Pet. Br.

39, 43-46 (2014 WL 3539339, at *39, *43-46) ("Petr's Br.").  The borrowers noted

that, to determine the statute of limitations for filing a lawsuit after the lender fails

to acknowledge the notice of rescission or unwind the transaction, possibilities

included borrowing a six-year statute from Minnesota state law for suits "upon a

liability created by statute," or using the one-year damages statute at 15 U.S.C. §

1640(e).  Petr's Br. 44, 2014 WL 3539339, at *44.  They then demonstrated that,

under either limitations period, their lawsuit was timely.  *Id.* at 44-45, 2014 WL

3539339, at *44-45.  In other words, even the borrowers in *Jesinoski* admitted that

*some* statute of limitations presumably would apply to suits to enforce their

rescission right.  For its part, the Government agreed.  Brief of United States at 29,

2014 WL 3611512, at *29 (denying that "no time limit at all applies," and

suggesting that courts should "borrow the most suitable statute or other rule of

timeliness from some other source").

5

Here, the borrowers allegedly sent in notice of rescission within the first three days after the loan transaction. JA46. The lender allegedly failed to recognize rescission or unwind the transaction. JA47. The borrower then waited five and a half years to file a lawsuit demanding the rescission. JA58. Even under the rationale of the victorious borrowers in *Jesinoski*, this lawsuit was untimely. The analogous state statute of limitations here would be three years under North Carolina law. *See* N.C. Gen. Stat. § 1-52(2) (three years for an action "[u]pon a liability created by statute, either state or federal"). And, of course, if the one-year period in §1640(e) applies instead, then this lawsuit is even more clearly barred. Thus, the district court here correctly held that "this TILA suit is untimely under all of the various alternatives except the unlimited limitations period theory." JA58. This Court should affirm on the same ground.

Respectfully submitted, March 11, 2015.

/s/ Matthew A. Fitzgerald

Seth A. Schaeffer
Matthew A. Fitzgerald
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-4716
Facsimile: (804) 698-2251

*Counsel for Appellees*

6

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> • This brief contains 1,437 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) because:

> • This brief has been prepared in a proportionally spaced 14-point Times New Roman font using Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2015, I electronically filed the foregoing Brief of Appellees with the Clerk of this Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> James C. White
> Michelle M. Walker
> LAW OFFICE OF JAMES C. WHITE, PC
> Post Office Box 16103
> Chapel Hill, North Carolina 27516
> Telephone: (919) 313-4636
> jimwhite@jcwhitelaw.com
> mwalker@jcwhitelaw.com

*/s/ Matthew A. Fitzgerald*

7